808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Julius AYEMERE, Appellant.
 No. 85-5252.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 14, 1986.
Decided Dec. 11, 1986.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 John D. Thompson (Kroop, Kurland & Rosenberg on brief) for appellant.
 Susan M. Ringler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 Julius Ayemere appeals from an order of the district court denying his motion to suppress certain evidence ultimately used at his trial on charges of possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Ayemere was convicted and sentenced to fifteen years of imprisonment on those charges. Finding no error, we affirm.
 
 
 2
 While driving his automobile in Hyattsville, Maryland, on April 20, 1985, Ayemere was stopped and ultimately arrested by agents of the Drug Enforcement Administration ("DEA"). The DEA agents were acting on the mistaken belief that Ayemere was a fugitive Nigerian national named Victor Akinfenwa. Akinfenwa was being sought pursuant to an arrest warrant on drug related charges.
 
 
 3
 Prior to placing Ayemere under arrest, one of the DEA agents requested that he produce some identification. When Ayemere opened the glove compartment to obtain his driver's license, the agent observed and seized a passport bearing the name of Felix Irabor from the open glove compartment.[1] After being taken into custody, Ayemere was then transported to a local DEA headquarters where a search of his automobile revealed a small quantity of heroin and a lease on a Hyattsville, Maryland, apartment. A subsequent search of that apartment pursuant to a search warrant discovered a substantial quantity of heroin.[2] The drugs found in the automobile and the apartment provided a basis for the two-count indictment returned against Ayemere.
 
 
 4
 In this appeal, Ayemere contends that his pre-trial motion to suppress all evidence found in his car and his apartment should have been granted because (1) the initial stop of his vehicle was not supported by reasonable suspicion, (2) the seizure of the Irabor passport was improper, (3) his arrest was not supported by probable cause, (4) the warrantless search of his vehicle was impermissible, and (5) the search warrant for his apartment was defective. We see no merit in any of appellant's contentions.
 
 
 5
 In an oral opinion denying the motion to suppress "in its entirety," the district court specifically addressed all of Ayemere's fourth amendment claims except the seizure of the passport. We find the court's analysis thorough and persuasive. The disposition of this case turns principally upon the validity of Ayemere's initial arrest. In this regard, the district court properly relied upon the teachings of Hill v. California, 401 U.S. 802 (1971), and United States v. McEachern, 675 F.2d 618 (4th Cir.1982). Both Hill and McEachern recognize that if the police have a valid arrest warrant for one person and they reasonably and in good faith arrest another, the mistaken arrest is still constitutionally proper. We fully agree with the district court that the DEA agents arrested Ayemere in the reasonable belief that he was Akinfenwa. Any searches incident to that arrest must, therefore, be regarded as within the scope of lawful authority.[3]
 
 
 6
 The validity of the court's ultimate action is no way diminished by the lack of a specific statement with regard to the passport issue. We agree with the government's contention that the passport seizure was unquestionably justifiable on either a plain view or inevitable discovery theory. Furthermore, even assuming an improper seizure, the passport was merely cumulative evidence that could not taint the remaining evidence supporting Ayemere's conviction.
 
 
 7
 Accordingly, we affirm the denial of appellant's motion to suppress for the reasons stated in the district court's bench opinion. United States v. Julius Ayemere, Criminal No. H-85-0280, (D.Md. July 17, 1985).
 
 
 8
 AFFIRMED.
 
 
 9
 FN1 The investigating agent was aware that Felix Irabor was a criminal suspect then in custody in Canada.
 
 
 10
 FN2 At some point between the arrest and the execution of the search warrant, the DEA established Ayemere's true identity.
 
 
 11
 FN3 At oral argument, appellant's counsel placed particular emphasis upon a challenge to the search of Ayemere's automobile which was approved by the district court as both an inventory procedure as well as a search incident to arrest. We find that effort totally unavailing. Even assuming, as Ayemere contends, that some error undermined the propriety of the inventory, the search remained clearly sustainable as a lawful search incident to arrest.